UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 19, 2019

LETTER TO THE PARTIES

RE: *Anthony L. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-3910

Dear Plaintiff and Counsel:

On December 26, 2018, Plaintiff Anthony L., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment, in addition to arguments made by Plaintiff's prior attorney during and following his administrative hearing.[1] ECF 14; Tr. 314-15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on February 18, 2016, alleging a disability onset date of January 30, 2008. Tr. 194-200. His claim was denied initially and on reconsideration. Tr. 118-21, 132-33. A hearing, at which Plaintiff was represented by counsel, was held on October 25, 2017, before an Administrative Law Judge ("ALJ"). Tr. 52-76. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 26-40. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "asthma; a history of opiate and cocaine dependence; benzodiazepine abuse, in early remission; a history of heroin abuse; a psychotic disorder; a major depressive disorder; and, a mood disorder." Tr. 28-29. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), with the following limitations: he can understand, remember and carry out simple instructions and make simple work related decisions; he can sustain an ordinary routine without special supervision; he can work at a consistent pace throughout the workday but

---

[1] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising him of the potential consequences of failing to oppose the dispositive motion. ECF 15. Plaintiff did not file a response.

*Anthony L. v. Commissioner, Social Security Administration*
Civil No. SAG-18-3910
August 19, 2019
Page 2

> not at a production rate pace where each task must be completed within a strict time deadline; he can tolerate occasional interaction with coworkers and supervisors and no interaction with the public; he can tolerate occasional changes in work setting; he can maintain attention and concentration for two-hour segments before and after the normal morning, lunch and afternoon breaks.

Tr. 34. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff had no past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 39-40. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 40.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). In particular, I have considered the letter Plaintiff's prior attorney sent to the Appeals Council requesting review of the ALJ's decision. Tr. 314-15.

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that he had not engaged in substantial gainful activity since his application date. Tr. 28; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding each impairment to be severe. *See* Tr. 28-29; 20 C.F.R. § 416.920(a)(4)(ii).

The deficiency in the ALJ's analysis is at step three, where the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 29-34. In particular, the ALJ identified and considered Listings 3.03 (asthma), and 12.04 (depressive, bipolar, and related disorders). *Id.* With respect to the listing for asthma, the ALJ cited the specific criteria of the listing that had not been met, relating to the frequency of Plaintiff's asthma attacks. Tr. 29. That analysis is therefore sufficient.

However, as to Listing 12.04, the ALJ had to apply the special technique applicable to mental impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2018). The technique requires analysis of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairment meets Listing 12.04 by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A)(2). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and

(4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). A claimant must show extreme limitation in one area, or marked limitation in two areas, to be deemed to have met the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04B (2018). Even where the paragraph B criteria are not met, a claimant can satisfy the listing by meeting the paragraph C criteria, which require evidence of both "Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] mental disorder," and "Marginal adjustment. . . [meaning] minimal capacity to adapt to changes in [the claimant's] environment or to demands that are not already part of [the claimant's] daily life." *Id.* § 12.04(C). Here, the ALJ's analysis of the paragraph C criteria consisted only of the following:

> There is no evidence of repeated episodes of decompensation of extended duration, a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, or current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.

Tr. 34. In fact, however, the testimony at the hearing established that Plaintiff resides in supportive housing at the Mosaic facility. Tr. 68. Questioning by counsel elicited testimony that Plaintiff receives housing, is required to participate in rehabilitation programs and therapy, engages in regular residential meetings, and is informed of programs and groups. *Id.* Whether the program constitutes the type of "highly structured setting" contemplated by paragraph C, and whether Plaintiff, in his current condition, could function outside of his supportive living arrangement and the therapy he is receiving, are questions that must be answered, in the first instance, by the ALJ, so that the analysis can be reviewed by this Court. *See Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013) ("[A] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "specific application of the pertinent legal requirements to the record evidence.").

In light of the inadequate discussion of Listing 12.04, I need not address whether the remainder of the ALJ's analysis, at steps four and five, complied with the relevant legal standards. In ordering remand for further consideration by the SSA, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge